# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DIARTRA DRONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:15-cv-02410-STA-cgc |
| v. ) | |
| ) | |
| ANDY FRAIN SERVICES, INC. et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE EXPERT REPORTS

Plaintiff Diartra Drone has sued Defendant Andy Frain Services, Inc., for various alleged torts related to her employment with Defendant. (ECF No. 1-2.) On April 4, 2016, Defendant filed a motion to strike Plaintiff's expert reports. (ECF No. 35). Plaintiff has responded to the motion. (ECF No. 37.) For the reasons set forth below, the motion to strike is **DENIED**.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure governs expert witnesses who must provide a written report. A witness who is "retained or specially employed to provide expert testimony ... or one whose duties ... regularly involve giving expert testimony" must provide a written report that fulfills the six requirements of that rule, including a "complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them."[1] When a party does not comply with Rule 26(a), she is "not allowed to use that information ... to supply evidence on a motion, at a

---

[1] *Id.*

hearing, or at a trial, unless the failure was substantially justified or is harmless."[2] The test for exclusion under 37(c) is "very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless."[3]

On February 16, 2016, Plaintiff submitted two Rule 26(a)(2) expert reports, one by Randall Moskovitz, M.D., and the other by David R. Strauser, Ph.D.[4] Dr. Moskovitz's report is dated April 30, 2015, and states, "This represents a preliminary report of my findings and impression. A final complete report will follow after an additional interview and collateral interview."[5] Dr. Strauser's report, dated September 18, 2015, states, "Listed below are my preliminary impressions regarding Ms. Drone. I plan on issuing a complete report once all the medical records have been reviewed and vocational testing has been completed."[6] Defendant contends that both of Plaintiffs expert reports violate Rule 26(a)(2)(B) because they are preliminary and, thus, incomplete.

As noted by Plaintiff, although the reports are identified as "preliminary reports," both reports provide statements as to the expert's opinion that will be offered at trial. Dr. Moskovitz opines that Plaintiff suffers from depressive disorder and has post-traumatic stress disorder symptom. The opinion is based on a psychiatric interview and comprehensive mental status

---

[2] Fed. R. Civ. P. 37(c)(1).

[3] *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010).

[4] (Mot., Exh. A, ECF No. 35-2.)

[5] (*Id.*)

[6] (*Id.*)

examination performed by Dr. Moskovitz. Dr. Moskovitz summarized "the facts and data" that he considered in forming his opinion.[7]

Dr. Strauser examined Plaintiff's education and work history and then performed an assessment of the labor market based on the United States Census Bureau, a 2013 American Community Survey, and the United States Department of Labor Bureau Labor Statistics Report of March 6, 2015. Based on this information, Dr. Strauser opined that Plaintiff has experienced a complete loss of vocational earning capacity as the result of her alleged injury and that she was previously capable of earning a median wage of $28,700 per year.[8] As noted by Plaintiff, Defendant's argument focuses on the fact that the reports are described as "preliminary reports" and a statement is made that a "final complete report will follow."[9]

"[A]n expert opinion must 'set forth facts and, in doing so, outline a line of reasoning arising from a logical foundation'"[10] to eliminate unfair surprise to an opposing party.[11] The requirement that an expert report contain a complete statement of all opinions and the basis therefore is included in Rule 26(a)(2)(B) in order to "avoid the disclosures of 'sketchy and vague' expert information."[12] The Court finds that, in the present case, the expert reports submitted by Plaintiff are sufficient under Rule 26 to meet those goals. Therefore, Defendant's

---

[7] (*Id.*, pp. 4-5.)

[8] (*Id.*, pp. 10-14.)

[9] (*Id.*, p. 4.)

[10] *Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 664 (6th Cir.2005) (citation omitted).

[11] *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995), *cert. den'd*, 516 U.S. 822 (1995).

[12] *Dunkin' Donuts, Inc. v. Patel*, 174 F. Supp.2d 202, 211 (D.N.J. 2001) (citing *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (6th Cir. 1996)).

motion to strike is **DENIED**. However, Plaintiff will be confined at trial to the statements and opinions contained in each report.

**IT IS SO ORDERED.**

                                                 **s/ S. Thomas Anderson**
                                                 S. THOMAS ANDERSON
                                                 UNITED STATES DISTRICT JUDGE

                                                 Date: April 20, 2016